Howell, J.
This is a contest between the third opponent, having a mechanic’s privilege, and the plaintiffs, who hold a mortgage claim, for the proceeds of the sugar house machinery, upon which the said privilege rests. The plaintiffs insist that the third opponent has no preference over them, because his contract was not recorded on the day on which it was made, although their mortgage was not recorded for some months after such recording.
Art. 3273 R. C. C. “ Privileges are valid against third persons from the date of the recording of the act or evidence of indebtedness as provided by law.”
Art. 3274. “No privilege shall have effect against third persons unless recorded in the manner required by law in the parish where the property to be affected is situated. It shall confer no preference on the creditor who holds it over creditors who have acquired a mortgage, unless the act or other evidence of the debt is recorded on the day the contract was entered into.”
*291 Here is the declaration that privileges have effect from the date on which the act or other evidence of the debt is recorded in the parish where the property affected is situated; but to have effect against those who have acquired, not who may acquire a mortgage, it must be recorded on the day it was entered into.
A mortgage recorded subsequently to the recording of a privilege does not take precedence of such privilege, because the law says that each shall have effect from the day of its inscription. Articles 3273, 3329, 3342. Nor does the law say that the failure to record the privilege on the day of the contract out of which it springs, shall destroy the privilege. The limitation relates only to the effect as to mortgages existing at the date of the privilege contract, and requires that such contract shall be recorded on the day ol its execution, in order to have a preference over mortgages then duly inscribed. The third opponent is entitled to the preference.
Judgment affirmed.